WM. HARDY *et al.* v. NOAH W. LANE *et al.*

1. HOMESTEAD. *Value, when to be ascertained and its effect.* The value and boundaries of the homestead are ascertained when it is set apart by judicial proceedings, and when it is done it is not subject to future valuations by reason of the appreciation of its value.

2. SAME. *Question reserved.* The question, whether creditors will have remedy if the debtor expend extravagant sums which ought to be applied to his debts upon his homestead, is reserved.

---

FROM OVERTON.

---

Appeal from the Chancery Court at Livingston. W. G. CROWLEY, Ch.

E. L. GARDENHIRE for complainants.

JOHN P. MURRAY for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Our statutes contemplate that the value of the homestead should be ascertained and determined at the time at which it is set apart to the person entitled to it under the law. The value being ascertained and the boundaries determined by judicial proceedings, the occupant then has the fixed right of occupancy of the land thus allotted, and there is nothing in the act from which it can be inferred that it is subject to subsequent repeated valuations, if perchance it may appreciate in value, or be estimated at a higher value, by proceedings subsequently instituted for this purpose.

The policy of the act is to secure a fixed and permanent abode and home for the head of the family, his wife and children, in the possession of which they should not be disquieted and disturbed, if by their industry they so far improve the premises as to make them really more valuable than they were when first assigned to them.

Upon the construction contended for, i. e., that the homestead must always be kept to the exact value first assigned to it, the occupants would be constantly liable to the annoyance of new suits to ascertain, by the speculations and opinions of creditors and others, whether the homestead had not appreciated in value. The statutes obviously contemplate that *the land* set apart as a homestead shall not thereafter be sold, so

as to deprive the occupants thereof of their possession of the same, so long as they have rights to a homestead. Sec. 2116a of the Code provides, after the homestead is set apart by commissioners, the remainder *only* of such lands levied on or attached shall be sold. And sec. 2118a, that the registration of the certificate of the freeholders shall vest in the head of the family, his widow and minor heirs a good and valid title to the land exempt from execution.

We do not intend to decide, one way or the other, what right creditors might assert, in cases where debtors might expend extravagant sums upon the homestead, accumulations which ought to be applied to their debts.

We are of opinion, however, in this case, that defendant Lane is entitled to the homestead as it was set apart, if in fact it has been so set apart, without a revaluation or new allotment. But as we have held heretofore that the remainder or reversion in the land, after the termination of the right of homestead, may be sold for payment of the owner's debts, this may be done in this case.